FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 NOV 21  A 9:25

[stamp markings]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CARMEN THOMPSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. MJG 95-309 |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF HOUSING AND URBAN ) | |
| DEVELOPMENT, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER APPROVING SETTLEMENT AGREEMENT AND ENTERING RULE 54 FINAL JUDGMENT

Following this Court's Order preliminarily approving the proposed Settlement Agreement ("the Agreement"), the parties disseminated a Notice of Proposed Settlement and Fairness Hearing to the plaintiff class. After consideration of the written submissions of the parties, the Agreement between the parties, all objections to the Agreement, all filings in support of the Agreement, and the presentations at the hearing held by the Court to consider the fairness of the Agreement, the Court hereby Orders, Finds, Adjudges, and Decrees that:

1.  The Agreement between Plaintiffs, Federal Parties, and Local Parties ("the Parties") is finally approved as fair, reasonable, and adequate, both as a settlement of the Plaintiffs' remaining claims, as well as a settlement of all claims and issues arising under and related to the *Thompson* Partial Consent Decree ("PCD"), approved by the Court on June 25, 1996 (Docket Number 55), as amended.

2. The statements set forth in Sections X.E.1 through X.E.3 of the Agreement are hereby adopted as this Court's factual findings, as of the Effective Date of the Agreement. Specifically, those findings are that:

    A. HUD's placement of approximately $49 million into the *Thompson* Project Reserve Account (now the *Thompson* PCD Reserve as set forth in Section 6 of Attachment A to the Amended MTW Agreement), combined with the approximately $4.9 million provided pursuant to the Stipulation and Order Amending the Partial Consent Decree, Docket No. 867, entirely fulfilled HUD's obligation to provide funding authority for the 1,988 PCD Vouchers' initial three-year terms.

    B. The Parties have now fulfilled their obligations under the *Thompson* PCD approximately to the same extent as the Parties originally and reasonably contemplated would have been fulfilled by June 25, 2003, as described in the Court's Order of January 29, 2004 (Docket Entry No. 613).

    C. Any and all not-yet-fulfilled obligations formerly governed by the *Thompson* PCD have been fully and finally addressed by the provisions of the Settlement Agreement (including its exhibits).

3. Pursuant to those factual findings, as of the Effective Date of the Agreement, the Court: (a) VACATES the *Thompson* PCD; (b) ORDERS that all jurisdiction retained by the Court over the *Thompson* PCD is terminated, with the exception of jurisdiction to decide issues relating to the award of attorney's fees, costs, and expenses under the PCD pursuant to Section XI of the Settlement Agreement; and (c) ORDERS that all claims released in Section X of the *Thompson* PCD are dismissed with prejudice.

4. Except as provided in paragraph 5 of this Order, all of Plaintiffs' claims in this action are hereby dismissed with prejudice.

5. The Court shall retain jurisdiction over this action solely to enforce the terms of the Settlement Agreement, but only such jurisdiction as expressly set forth in Section IX of the Agreement (including jurisdiction, as contemplated by Section IX.Q, to (a) hear and provide

relief for certain claims in the event that this litigation is reopened and those claims are reinstated pursuant to Sections XXI, XXII and XXIII of the Agreement; and (b) adjudicate any motion for an award of fees and expenses pursuant to Section XI of the Agreement). If the Agreement is not voided beforehand, the Court's jurisdiction over this action shall completely terminate on January 1, 2019; provided, however, that if on June 30, 2018 HABC's Amended MTW Agreement has not been extended at least through the end of HABC's 2019 Fiscal Year, then the Court's jurisdiction over this action shall instead completely terminate on January 1, 2020. The Court hereby relinquishes its jurisdiction to modify those dates.

6. The time for the filing of any motion for attorney's fees and expenses pursuant to Section XI.A of the Settlement Agreement is hereby extended until 120 days following the Effective Date of the Settlement Agreement, as provided in Section XI.A of the Settlement Agreement.

7. The Court expressly determines that there is no just reason for delaying the entry of this judgment.

Dated: Nov. 20, 2012

/s/
THE HONORABLE MARVIN J. GARBIS, JRX
United States District Judge

-3-